IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| REGINALD I. PARKER, §<br>*a.k.a.* RAY HILL, §<br>*a.k.a.* REGINALD I. BAILEY, #582603 §<br>§<br>VS. §<br>§<br>GEO GROUP, INC., ET AL. § | CIVIL ACTION NO. 1:20cv427 |

MEMORANDUM OPINION AND ORDER

Plaintiff Reginald I. Parker, an inmate formerly at the GEO Transitional Center, a halfway house located in Beaumont, Texas, proceeding *pro se*, brought the above-styled civil rights action pursuant to 42 U.S.C. § 1983. The Magistrate Judge recommended the action be dismissed without prejudice based on Plaintiff's failure to comply with sanctions previously imposed by the Fifth Circuit. After receiving no objections from the parties, the Report of the Magistrate Judge was adopted, and the action was dismissed on December 23, 2020.[1]

On May 26, 2021, Plaintiff filed a "Motion for Mandamus to Cause Performance or Process" (Doc. #16). Liberally interpreted, Plaintiff's motion is construed as a motion for reconsideration of the judgment. This Memorandum Opinion and Order considers such motion.

ANALYSIS

FED. R. CIV. P. 59 provides in pertinent part the following:

**(a)(1) *Grounds for New Trial*.** The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

---

[1] Plaintiff ultimately filed objections which were received and entered more than two months after the Report was issued and more than two weeks after the Judgment was entered in this case. Although untimely, Plaintiff's objections have been reviewed in conjunction with his motion for reconsideration. The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). The objections, however, as well as the motion for reconsideration, fail to warrant relief from the judgment entered in this case.

    (A)    after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

    (B)    after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

**(2)** *Further Action After a Nonjury Trial*.  After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

**(b) Time to File a Motion for a New Trial.**  A motion for a new trial must be filed no later than 28 days after the entry of judgment.

**(e) Motion to Alter or Amend Judgment.**  A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

As Plaintiff's motion was not filed within twenty-eight days of the judgment, the motion is untimely under Rule 59 and should be denied.  Further, even affording the motion consideration under the more liberal Rule 60(b), the Court is of the opinion that the motion fails to set forth a meritorious ground warranting relief.

In his motion for reconsideration, Plaintiff contends the sanctions previously imposed by the Fifth Circuit were "false sanctions."  Additionally, Plaintiff claims he is not barred from proceeding *in forma pauperis* because he is on parole.

For the reasons set forth in the Report and the Memorandum Opinion previously entered in this action, Plaintiff's complaint should be dismissed without prejudice based on Plaintiff's failure to comply with the sanctions previously imposed by the Fifth Circuit. The district court is not the proper forum to challenge the sanctions imposed by the Fifth Circuit Court of Appeals. Further, assuming *arguendo*, that the Fifth Circuit's sanctions were not proper, as Plaintiff contends, relief from the judgment is not warranted because Plaintiff remains barred from proceeding *in forma pauperis* in this action based on 28 U.S.C. § 1915(g). Contrary to Plaintiff's assertion, an individual residing at a halfway house as a consequence of a criminal conviction is a "prisoner" within the meaning of the statute, even if he is residing at the halfway house for "primarily non-punitive purposes." *See Jackson v. Johnson*, 475 F.3d 261, 267 (5th Cir. 2007) (holding that an individual who is residing at a halfway house as a condition of his release on mandatory supervision is a "prisoner" within the meaning of § 1915(h) and is subject to the three strikes provision of § 1915(g)). Therefore, Plaintiff is barred from proceeding *in forma pauperis* in this action based on § 1915(g). Thus, Plaintiff's motion for reconsideration is without merit and should be denied.

## ORDER

For the reasons set forth above, Plaintiff's motion for reconsideration is without merit. Accordingly, the motion should be denied. It is

**ORDERED** that Plaintiff's Motion for Mandamus to Cause Performance or Process (Doc. #16) is **DENIED**.

**SIGNED this 15th day of February, 2022.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge